### Clarke v. City of Paducah.

(Decided October 5, 1911.)

### Appeal from McCracken Circuit Court.

Municipal Corporations—Classification of License Fees.—An ordinance providing that all licenses shall be issued for a period of one year dating from January first, and that a person obtain-

ing a license issued after the first of January and before the first of July should have a rebate for the months in the year that have expired before the license was issued, but that a person obtaining a license after the first of July should pay for six months, no matter at what time between the first of July and the first of December the license was granted, is upheld as a proper exercise of power.

BERRY & GRASSHAM for appellant.

JAMES CAMPBELL, JR. for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Section 5 of an ordinance of the city of Paducah fixing and regulating license fees, provides that:

"All licenses granted under this ordinance shall bear the correct date of its issuance, and except as hereinafter provided, shall not be issued for a period of less than one year, from January 1, 1909, and all licenses shall expire on the 31st day of December of each year after the issual of same, and as long as this ordinance is in full force and effect, except that license issued after the first of January and before July 1st, thereafter, shall be charged for in the same manner as hereinbefore required on the pro rata basis of the amount of the license under this ordinance, from the time of the issual of the same, until the 31st day of December of the year following; and all licenses issued after the first day of July of each year this ordinance is in effect, shall be paid for in the manner and form hereinbefore described for the full six months, from the first of July to the 31st of December, but in no event shall a fractional part of a month be charged for, charge being made for full months in all events, but before said license is granted for any unexpired part of any year in which said license is granted, the applicant shall file with the treasurer of the city, an affidavit giving the exact time the business for which the license is granted was commenced, and provided,however, that this section shall not apply to any temporary license as provided for in this ordinance."

The objection raised to this ordinance by the appellant is that it allows any person obtaining a license between the first of January and the first of July to have a pro rata deduction from the amount of his license for the time between January 1st and the beginning of the month in which the license is granted; but that if the license is

issued after the first of July, then the applicant must pay for full six months although he may not obtain his license until November. In other words, the contention is that the city had no authority to discriminate in the license fees exacted for licenses issued before July 1st, and after July 1st; that if a pro rata deduction is made for licenses issued before the 1st of July, the same pro rata deduction should be made for licenses issued after the 1st of July.

The ruling of the lower court in upholding the validity of this section is so fully sustained by the case of City of Louisville v. Sagalowski & Son, reported in 136 Ky., 324, but cited by counsel for appellee in disregard of rule 33 of this court as being in 124 S. W. ,239 —, that we do not deem it necessary to do more than refer to the case supra.

Wherefore, the judgment is affirmed.